```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```
_____

IN RE: VIKING SPORT CRUISERS, INC.,
as Owner of a 2015 60 foot Princess
Motor Yacht called "PRINCESS 60",          Civil No. 15-8749 (NLH/KMW)
for exoneration from or limitation
of liability                                          **OPINION**

_____


**APPEARANCES:**

RUBIN, FIORELLA & FRIEDMAN LLP
By:  James E. Mercante, Esq.
     Kristin E. Poling, Esq.
630 Third Avenue, 3rd Floor
New York, New York 10017
     Counsel for Petitioner, Viking Sport Cruisers


MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
By:  Christopher J. DiCicco, Esq.
     Daniel G. McDermott, Esq.
88 Pine Street, 21st Floor
New York, New York 10005
     Counsel for Claimant Margaret Krupinski


**HILLMAN, District Judge**

This admiralty suit for exoneration from or limitation of liability arises out of a collision between two boats which occurred in the navigable waters of Rhode Island. Claimant Margaret Krupinski's husband, Walter Krupinski, died in the accident.

Claimant Krupinski presently moves to transfer this suit to the District of Rhode Island. For the reasons stated herein, the

1

motion will be granted.

## I.

Claimant alleges, "on September 22, 2015, the PRINCESS 60 ("the vessel") was upon the navigable waters of Fisher Island Sound, Watch Hill, Rhode Island, when it struck the PEGGY K, resulting in damage to the PEGGY K and resulting in the fatality of Walter S. Krupinski, the owner of the 23-foot Steiger motor boat known as PEGGY K." (Answer ¶ 4; Claim of Margaret Krupinski ¶ 5)

It appears undisputed, at least for purposes of the instant motion, that the decedent was the only person aboard the *PEGGY K*, and that only Captain Cooper Bacon and Mate William Noe were aboard *PRINCESS 60* when the collision occurred.  Bacon and Noe both reside in New Jersey.

Petitioner Viking Sport Cruisers is incorporated in New Jersey and maintains its principal place of business in New Jersey.

Claimant Margaret Krupinski resides in Connecticut.

Claimant asserts that U.S. Coast Guard Offices located in both Connecticut and Rhode Island investigated the accident.  In addition, the Rhode Island Department of Environmental Management conducted an investigation.  Westerly, Rhode Island Police Department also had involvement after the accident, and the decedent's autopsy was performed by the Rhode Island Department of Health.  The first responders to the accident -- the fire district

and the ambulance corps -- are also alleged to be based in Rhode Island.

Claimant also identifies two "fisherman witnesses" who reside in Rhode Island.

Lastly, related litigation is proceeding in Rhode Island state court. First, Claimant asserts that a criminal proceeding is pending against Captain Bacon "before the Rhode Island Traffic Tribunal for three navigation violations." (Reply Brief, p. 3) Second, Claimant has filed a lawsuit against Captain Bacon and William Noe in Rhode Island Superior Court.

**II.**

Transfer of venue in admiralty suits for exoneration from or limitation of liability is governed by Supplemental Federal Rule of Civil Procedure F(9) which provides, in relevant part, "[f]or the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district."

"The rule is similar to the transfer provision under 28 U.S.C. § 1404(a)." *In the Matter of the Complaint of Weeks Marine, Inc.*, No. 16-1463, 2016 U.S. Dist. LEXIS 77808 at *5 (D.N.J. June 14, 2016); *see also* Advisory Committee Note to Supplemental Rule F(9)("The provision for transfer is revised to conform closely to the language of 28 U.S.C. §§ 1404(a) and 1406(a), though it retains the existing rule's provision for transfer to any district for

3

convenience."). Thus, in deciding a motion to transfer under Supplemental Rule F(9), the Court considers the factors enumerated in the Rule -- convenience of the parties, convenience of the witnesses, and the interests of justice -- as well as

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). The Court also considers, to the extent applicable,

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80.

### III.

The Court has considered all the applicable factors identified above and holds that transfer to the District of Rhode Island is warranted.

First, the collision occurred in Rhode Island. Caselaw demonstrates that this factor is frequently "[o]f primary

4

significance" in the transfer analysis. *In re: Norfolk Dredging Co.*, 240 F. Supp. 2d 532, 537 (E.D.Va. 2002)(granting motion to transfer to the District of Maryland; collision occurred in Maryland); *see also In re: Weeks Marine, Inc.*, 2016 U.S. Dist. LEXIS 77808 (granting motion to transfer to the Southern District of New York; fatal collision occurred in New York; "the core issues in this case . . . are strongly tied to the situs of the accident, which was in New York, not to [New Jersey] the point of embarkation"); *In re: Campbell Transp. Co., Inc.,* 368 F. Supp. 2d 553 (N.D.W.V. 2005)(granting motion to transfer to the Western District of Pennsylvania; fatal collision occurred in Pennsylvania); *In re: Bankers Trust Co., Trustee*, 640 F. Supp. 11 (E.D.Pa. 1985)(granting motion to transfer to the Northern District of California; fatal accident occurred in California).[1] Rhode Island has an interest in "deciding [this] local controvers[y] at home." *Jumara*, 55 F.3d at 879. Indeed, the fact that Rhode Island has criminally charged Captain Bacon in connection with the collision at issue indicates that this interest is real and not

---

[1] *Cf. In re: The Connecticut Nat'l Bank, Trustee*, 687 F. Supp. 111 (S.D.N.Y. 1988)(denying motion to transfer to the District of Hawaii; collision did not occur in Hawaii, and none of the claimants were domiciled in Hawaii); *The Fluor Corp. Ltd. v. S/S President Coolidge*, 52 F.R.D. 538 (S.D.N.Y. 1971)(denying motion to transfer to the Central District of California; damage allegedly occurred while vessel was docked in New York).

merely theoretical.

Second, the post-collision investigations were mainly conducted by authorities located in Rhode Island.  This is particularly significant because the non-party witnesses from these authorities would be subject to the District of Rhode Island's subpoena power, but would not be subject to this Court's subpoena power.[2] *See In re Norfolk Dredging Co.,* 240 F. Supp. 2d at 537 (granting motion to transfer, explaining, "[t]he location of non-party witnesses is determinative. . . . To compel the presence of the witnesses, any non-party witness would not be within the subpoena power of this Court, however, all such witnesses are within the subpoena power of the [transferee court].  This factor weighs heavily in favor of transferring venue.").[3]

---

[2] *See* Fed. R. Civ. P. 45(c)(1)("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

[3] Viking Cruiser's argument that "the location of the Coast Guard's investigation has no venue implications" (Opposition Brief, p. 6), is flatly contradicted by caselaw. *See In re: Weeks Marine, Inc.*, 2016 U.S. Dist. LEXIS at *3 (granting motion to transfer to the Southern District of New York; observing that "the United States Coast Guard, Sector New York, ha[s] [an] ongoing investigation into the incident."); *In re: Campbell Transp. Co. Inc.,* 368 F. Supp. 2d at 556 (granting motion to transfer to the Western District of Pennsylvania; observing that "the majority of the Coast Guard personnel involved in the investigation of the accident are stationed at the Coast Guard offices in Pittsburgh, Pennsylvania."); *In re: The Connecticut Nat'l Bank, Trustee*, 687 F. Supp. at 114 (denying motion to transfer to the District of Hawaii; observing that the Coast Guard investigation was conducted by members located in Philadelphia, Boston and New Orleans); *In re: Bankers Trust Co., Trustee*, 640 F. Supp. at *15 (granting motion to transfer to the Northern District

With regard to the location of witnesses and the availability of process, Viking argues that Captain Bacon and William Noe (both New Jersey residents) are also non-parties to this proceeding, insofar as they are allegedly independent contractors, and not employees, of Viking Sport Cruisers.  Thus, Viking argues, "transferring this action from New Jersey to Rhode Island . . . would sacrifice two . . . material witnesses." (Opposition Brief, p. 8-9)

Assuming *arguendo* that Bacon and Noe are indeed non-parties by virtue of their alleged independent contractor status (Claimant disputes this issue), the Court fails to see how their testimony could not be obtained for use in this suit if transferred to Rhode Island.  Viking itself asserts that Bacon and Noe "can be impleaded into this Action." (Opposition Brief, p. 9)  Thus, if necessary, Bacon and Noe can be made parties to this suit, even if transferred to Rhode Island.[4]

---

of California; observing "[t]he Coast Guard investigation of the incident was conducted in California. Process would be available in the Northern District of California to summon members of the Coast Guard, if such appearance should become necessary.").

[4] It appears that Rhode Island would have personal jurisdiction over Bacon and Noe, because (a) they were aboard the *PRINCESS 60* in Rhode Island when the collision occurred and Claimant alleges that the "untimely death of [Mr.] Krupinski and the total destruction of his vessel" "were caused solely by the negligence of" Viking Cruisers, Bacon and Noe. (Claim ¶ 6-7); and (b) it appears that personal jurisdiction has been obtained over these two men in the related Rhode Island state court suit brought by Mrs. Krupinski.  The Court, however, makes no legal holding on this issue.

Lastly, this suit's New Jersey connections are quite limited. The collision did not occur in New Jersey, and no investigation was conducted by New Jersey authorities.  While the Court recognizes Viking is a New Jersey corporation, that factor is outweighed by the other factors discussed above.

### IV.

For the reasons stated, Claimant Krupinski's Motion to Transfer this case to the United States District Court for the District of Rhode Island will be granted.  An appropriate order accompanies this opinion.


Dated: February 23, 2017                _s/ Noel L. Hillman____
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.